UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Steven Donewan Carr**, # 13776-058, | ) | **C/A No. 6:07-1276-TLW-WMC** |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **John J. Lamanna**, Warden of FCI-Edgefield, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2241 by a federal prisoner confined at FCI-Edgefield.  The petitioner is an inmate serving sentence of three hundred sixty (360) months for drug offenses.  The petitioner's convictions were entered in the United States District Court for the Western District of North Carolina in 1999.  The above-captioned case is the third civil action filed by the petitioner in the United States District Court for the District of South Carolina.

The above-captioned case concerns an initial prison disciplinary hearing held at FCI-Edgefield on Tuesday, October 17, 2006.  The exhibits appended to the petition (Entry No. 1) indicate that the petitioner on October 12, 2006, was charged with "assaulting any person (aiding)" for an incident the previous day.  The petitioner on October 11, 2006, at approximately 4:50 p.m. tried to kick a correctional officer but hit the officer's lunch bag

1

instead.  The incident report was given to BOP officials on October 12, 2006, at 8:45 a.m.

The exhibits indicate that a disciplinary hearing officer on October 30, 2006, found that the

petitioner had violated Code 224A ["Assaulting any Person (Aiding)"].  The petitioner

"appealed" through the Bureau of Prisons Administrative Remedy Procedure.  The Federal

Bureau of Prisons issued its final decision (No. 433493-A1) on March 19, 2007, without

addressing the petitioner's contention with respect to the timeliness of the hearing (Entry

No. 1-2).

In his administrative appeal and in the above-captioned case, the petitioner

contends that the hearing held on October 17, 2006, violated the three-day time-limit of 28

C.F.R. § 541.15(b) ("Each inmate so charged is entitled to an initial hearing before the

UDC, ordinarily held within three work days from the time staff became aware of the

inmate's involvement in the incident.  This three work day period excludes the day staff

became aware of the inmate's involvement in the incident, weekends, and holidays.").

Although the petitioner enumerates only one  ground in the petition, he is

actually raising two grounds.  Those two grounds are:  *(1)* the petitioner's claim about the

timeliness of the hearing was not addressed by the Bureau of Prisons in the administrative

remedy process; and *(2)* the "disciplinary hearing process is in default procedurally due to

violation of **§541.15(b)**, and renders the adjudication of this matter Void."

### *Discussion*

Under established local procedure in this judicial district, a careful review has

been made of the *pro se* petition and the Form AO 240 pursuant to the procedural

provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Although the Federal Bureau of Prisons during the administrative remedy process, indeed, failed to address the petitioner's contention about the timeliness of the hearing the above-captioned case is subject to summary dismissal.  The regulation in question provides:

> Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident.  This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.

28 C.F.R. § 541.15(b).

The petitioner's pleadings and exhibits shows that the incident took place on Wednesday, October 11, 2006, at approximately 4:50 p.m.  The petitioner was formally charged the next morning — Thursday, October 12, 2006 — at 8:45 a.m.  The hearing was held on Tuesday, October 17, 2006.  Under the petitioner's calculation, the hearing should have been held no later than Monday, October 16, 2006, because of the intervening Saturday (October 14, 2006) and Sunday (October 15, 2006).

The regulation, 28 C.F.R. § 541.15(b), does not require that all hearings be held within three days: "Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident."  The regulation itself clearly indicates that some hearings would be held outside of the "ordinary" three-day period.

4

The United States Court of Appeals for the Seventh Circuit has addressed a similar contention from a federal prisoner. *Saenz-Lopez v. Bureau of Prisons*, 221 F.3d 1339 [Table]*,* 2000 U.S.App. LEXIS® 18161, 2000 WESTLAW® 1039323 (7th Cir., July 25, 2000)(BOP has discretion to depart from time frames in 28 C.F.R. § 541 for good cause). The Court expressly found that the Bureau of Prisons has discretion to depart from the timetables of an earlier version of 28 C.F.R. § 541.14 and § 541.15:

> Saenz-Lopez next argues that the prison failed to adhere to the specific time frames for notifying him of the charges and results of the investigation against him, as set forth in 28 C.F.R. §§ 541.14(b)(2), 541.15(a) & (b). These regulations concern the procedures for the reporting, investigating, and hearing of Bureau of Prison violations. Though these regulations suggest time frames within which an inmate "may," *see* 28 C.F.R. § 541.14(b)(2), and "ordinarily" should be notified of the charges and results of the investigation against him, *see* 28 C.F.R. § 541.15(a) & (b), the regulations give prison officials discretion to depart from these time frames for good cause. *See* 28 C.F.R. §§ 541.14(b)(2), 541.15.(k). The district court found that the prison had complied with the time frames recommended in these regulations. We have located nothing in the record that disturbs that conclusion. In any event, Saenz-Lopez was afforded all the notice to which he was entitled. *See Hill* [*Superintendent v. Hill,* 472 U.S. 445, 454 (1985)]*,* 472 U.S. at 454; *Wolff* [*Wolff v. McDonnell,* 418 U.S. 539 (1974)], 418 U.S. at 556-58.

*Saenz-Lopez v. Bureau of Prisons*, *supra*.[3]

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file a return* because the one-day delay in the holding of an initial disciplinary hearing does not rise to the level of a constitutional

---

[3]The regulation at issue in this case, 28 C.F.R. § 541.15, was revised on December 18, 2002. 67 Fed. Reg. 31530.

violation.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.


May 9, 2007                                    s/William M. Catoe
Greenville, South Carolina            United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).